IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

FREDERICK ROSS, #85881           *

    Plaintiff,                            *

    v.                                         *         2:06-CV-771-ID
                                                                          (WO)

SHERIFF D.T. MARSHALL, *et al.*,    *

    Defendants.                         *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Frederick Ross, a county inmate, challenges actions taken against him during his confinement in the Montgomery County Detention Facility. Plaintiff seeks injunctive and declaratory relief and monetary damages for the alleged violations of his constitutional rights.

Pursuant to the orders of this court, Defendants filed special reports and supporting evidentiary materials addressing Plaintiff's claims for relief. Defendant Marshall's report asserts that this case is due to be dismissed because Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendant Marshall maintains that with respect to the claims presented in the instant complaint, Plaintiff has failed to pursue the administrative remedies available to him in the Montgomery County Detention Facility via the jail's inmate grievance procedure. (Doc. No. 14 at pgs. 7-8.)

Upon review of the exhaustion defense, the court entered an order allowing Plaintiff

an opportunity to show cause why this case should not be dismissed for his failure to exhaust available administrative remedies. (Doc. No. 15.) This order specifically cautioned Plaintiff that his failure to file an appropriate response in compliance with such order would result in the dismissal of this case. Plaintiff has filed nothing in response to the October 24, 2006 order demonstrating his exhaustion of available administrative remedies. In light of the foregoing, the court concludes that this case should be dismissed without prejudice as Plaintiff has failed to exhaust his available administrative remedies.

## DISCUSSION

Plaintiff complains that he is being subjected to unconstitutional conditions of confinement in the Montgomery County Detention Facility. In addressing Plaintiff's complaint, Defendant Marshall argues that this case is subject to dismissal because Plaintiff failed to exhaust an available administrative remedy as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff has filed nothing to refute this assertion.

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion

requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

The record in this case establishes that the Montgomery County Detention Facility provides a grievance procedure for inmate complaints. The undisputed evidentiary materials filed in this case demonstrate that Plaintiff failed to file an inmate grievance challenging the actions about which he complains in the instant matter. The court, therefore, concludes that the claims for relief presented in this cause of action are subject to dismissal as Plaintiff has not yet exhausted an available administrative remedy.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an available administrative remedy.

It is further

ORDERED that on or before December 10, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 27th day of November, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE